UNITED STATES DISTRICT COURT
for the
Eastern District of New York

EFRAIN LAREZ, individually,     )
                                )
      *Plaintiff,*              )
                                )
      v.                       )
                                )  Civil Action No.
HORTUS NYC CORP. d/b/a HORTUS NYC )
                                )
                                )
      *Defendant.*              )

## SUMMONS IN A CIVIL ACTION

To:    HORTUS NYC CORP. d/b/a HORTUS NYC 271 5TH AVENUE NEW YORK, NY 10016.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

      Steve Newman, Esq.
      Law Offices of Steve Newman
      65 Broadway, Suite 1603
      New York, New York 10006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                            *CLERK OF COURT*

Date: _____    _____
                                                    *Signature of Clerk or Deputy Clerk*

Law Offices of Steve Newman
Steve Newman (SN 8351)
65 Broadway, Suite 1603
New York, NY 10006
Telephone: 212-405-1000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EFRAIN LAREZ, individually,

                            Plaintiff,                            **COMPLAINT**

    -against-                                             JURY TRIAL
                                                             DEMANDED
HORTUS NYC CORP., d/b/a HORTUS NYC,

                            Defendant.
-----------------------------------------------------------------------X

1. Plaintiff, EFRAIN LAREZ, individually (hereinafter referred to as "plaintiff"), by his attorneys Law Offices of Steve Newman, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, EFRAIN LAREZ, individually through undersigned counsel, brings this action against HORTUS NYC CORP., d/b/a HORTUS NYC as individual, (hereinafter referred to as "defendant"), to recover damages for egregious violations of state and federal wage and hour laws arising out of plaintiff's employment at defendant located at 271 5th Avenue, New York, NY 10016. Plaintiff was employed by defendant from September 20, 2018 till October 9, 2019.

3. As a result of the violations of Federal and New York State labor laws delineated below plaintiff seeks compensatory damages and liquidated damages in an amount

$21,730.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff residing at 41-09 99th Street, Apt. 1 Corona, NY 11368 was employed by defendant from September 20, 2018 till October 9, 2019.

9. Upon information and belief, defendant, is a corporation organized under the laws of State of New York with a principal executive office at 271 5th Avenue New York, NY 10016.

10. Upon information and belief defendant is a corporation authorized to do business under the laws of the State of New York.

11. Defendant has the power to hire and fire employees working at defendant's restaurant, establish and pay their wages, set their work schedule, and maintains their employment records.

12. During all relevant times herein, defendant was plaintiffs' employer within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by defendant located at 271 5$^{the}$ Avenue, New York, NY 10016 from September 20, 2018 till October 9, 2019.

14. During plaintiff's employment by defendant, plaintiff's primary duties were as a dishwasher and prep cook from September 20, 2018 till October 9, 2019.

15. Plaintiff was paid by defendant $600.00 weekly from September 20, 2018 until December 31, 2018.

16. Plaintiff worked approximately 50 (fifty) hours per week during the period of his employment by defendants from September 20, 2018 until December 31, 2018.

17. Plaintiff was paid by defendant $800.00 weekly from January 1, 2019 until October 9, 2019.

18. Plaintiff worked approximately 70 (seventy) hours per week during the period of his employment by defendants from January 1, 2019 until October 9, 2019.

19. Defendants did not pay plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

20. Upon information and belief, defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

21. Upon information and belief, defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

22. As a result of these violations of Federal and New York State labor laws, plaintiffs seek compensatory damages and liquidated damages in an amount $21,730.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

23. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

24. Plaintiff have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

25. At all times relevant to this action, plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

26. At all times relevant to this action, defendant were employer engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

27. Defendant willfully failed to pay plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

28. Defendant's violations of the FLSA as described in this complaint have been willful and intentional. Defendant has not made a good effort to comply with the FLSA with respect to the compensation of the plaintiff.

29. Due to defendant's FLSA violations, plaintiff is entitled to recover from defendant, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

30. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

31. At all times relevant to this action, plaintiffs were employed by defendant within the meaning of New York Labor Law §§2 and 651.

32. Defendant failed to pay plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

33. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

34. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

5

35. Defendant failed to provide plaintiff with a written notice, in English and in Spanish (plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

36. Defendant is liable to plaintiff in the amount of $2,500.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

37. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

38. Defendant failed to provide plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

39. Defendant is liable to plaintiff in the amount of $2,500.00 each, together with costs and attorney's fees.

## PRAYER FOR RELIEF

**Wherefore**, plaintiff respectfully request that judgment be granted:

a. Declaring defendant's conduct complained herein to be in violation of the plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding plaintiff unpaid overtime wages;

c. Awarding plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding plaintiff prejudgment and post-judgment interest;

e. Awarding plaintiff, the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: January 29, 2020

Steve Newman (SN 8351)
Law Offices of Steve Newman
Attorneys for Plaintiff
65 Broadway, Suite 1603
New York, NY 10006
Telephone: 212-405-1000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EFRAIN LAREZ, individually,

                                                                                Plaintiff,

    -against-

HORTUS NYC CORP., d/b/a HORTUS NYC,

                                                                                Defendant.

## SUMMONS & COMPLAINT

Law Offices of Steve Newman
Attorneys for Plaintiffs
65 Broadway, Suite1603
New York, NY 10006
Telephone: 212-405-1000

**TO:**
**HORTUS NYC CORP. d/b/a HORTUS NYC**
**271 5th Avenue**
**New York, NY 10016**

8