UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EFRAIN LAREZ,

                Plaintiff,

  - against -

HORTUS NYC CORP., d/b/a/ HORTUS NYC,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20-CV-498 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Efrain Larez brings this action against his employer, defendant Hortus NYC Corp d/b/a/ Hortus NYC ("Hortus"), alleging failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, and violations of overtime, wage statement, notice, and recordkeeping provisions of the New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq*. (Compl. (Doc. No. 1.)  Hortus now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons stated below, Hortus's motion is granted.

## BACKGROUND

      The following facts are drawn from Larez's Complaint and are assumed to be true for the purpose of this Memorandum and Order.

      Hortus is a corporation organized under the laws of the state of New York, with its principal executive office at 271 5th Ave, New York, NY 10016.  (Compl. ¶ 9.)  Hortus is authorized to do business in the state of New York.  (*Id*. ¶ 10.)  Hortus has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintain their employment records.  (*Id*. ¶ 11.)

      Larez was employed by Hortus from September 20, 2018, until October 9, 2019.  (*Id*. ¶¶ 2, 13.)  During his employment, his primary duties were as a dishwasher and prep cook.  (*Id*. ¶

14.) From September 20, 2018, till December 31, 2018, Larez was paid $600 weekly. (*Id*. ¶ 15.) During that period of employment, Larez worked approximately 50 hours per week. (*Id*. ¶ 16.) From January 1, 2019, till October 9, 2019, Larez earned $800 weekly and worked approximately 70 hours per week. (*Id*. ¶¶ 17–18.) Larez alleges that both he and Hortus were engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206(a) and 207(a), thus bringing them under the ambit of the FLSA. (*Id*. ¶¶ 25–26.)

In his first cause of action, Larez claims that Hortus failed to pay time and a half for the hours worked over 40 hours per week, in violation of the FLSA under 29 U.S.C. § 207(a). Larez also brings three claims under the NYLL for violations of its overtime, notice, and recordkeeping provisions.

Hortus now moves to dismiss the Complaint under FED. R. CIV. P. 12(b)(6). Hortus first argues that Larez has failed to plead sufficient facts showing that Hortus is an employer subject to the FLSA, or that Larez is a covered employee under the FLSA. (Def.'s Mem. (Doc. No. 16-1) at 6–8). Additionally, Hortus claims that Larez has failed to state a prima facie case of denial of overtime wages, as he has only demonstrated "that he was paid more [] money compared to the previous year for the increased hours worked" and has not demonstrated that he was promised an hourly rate or pled sufficient facts to support his assertion of his hours worked. (*Id*. at 8–11.) Moreover, Hortus argues that Larez has failed to plead facts to show that Hortus "willfully" or "intentionally" violated the FLSA. (*Id*. at 11–12.)

In response, Larez argues that he has sufficiently pled overtime wage violations under the FLSA and NYLL because he has stated that he was employed by Hortus, he was engaged in interstate commerce as defined by 29 U.S.C. §§ 206(a) and 207(a), and he worked over 40 hours per week without receiving overtime pay. (Pl.'s Mem. (Doc. No. 16-3) at 4–6.) To further

2

demonstrate that the FLSA applies to the instant case, Larez cites to a fact sheet from the U.S. Department of Labor listing the characteristics of restaurants and fast food establishments covered by the FLSA. (*Id.* at 7–8.) Moreover, Larez states that dismissal of his FLSA claim is not warranted for failure to show willful or intentional violation of the statute because employees are only required to plead willful or intentional violation of FLSA in order to extend the statute of limitations from two to three years, and that is not applicable here. (*Id.* at 10.)

Hortus's reply largely reiterates its prior briefing in arguing that the Complaint contains insufficient facts to support its four causes of action and impermissibly relies upon legal conclusions. (*See generally* Def.'s Resp. (Doc. No. 16-4).) Hortus also objects to Larez's citation to a document outside the pleadings to support his FLSA claims. (*Id.* at 4.)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In all cases, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the "facts stated on the face of the complaint and in documents appended to the

complaint or incorporated in the complaint by reference, as well as matters of which judicial notice may be taken." *Hertz Corp. v. City of New York,* 1 F.3d 121, 125 (2d Cir. 1993).

## DISCUSSION

To survive a motion to dismiss an FLSA overtime claim, a plaintiff must allege sufficient facts "to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 200 (2d Cir. 2013) (internal quotation marks and citation omitted). Whether the pleadings contain sufficient facts to plausibly state a claim is a case-specific inquiry. *Id.* (citing *Iqbal*, 556 U.S. at 679). A plaintiff is not required to plead facts that he would not be required to prove in order to obtain relief, such as facts showing that the plaintiff is non-exempt under the FLSA. *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 91 n.7 (2d Cir. 2013). However, some district courts have persuasively reasoned that plaintiffs must plead facts demonstrating either individual or enterprise coverage under the FLSA in order to prevail on a motion to dismiss. *See, e.g.*, *Juarez v. Butterfield Catering Inc.*, No. 20-CV-4537 (LJL), 2020 U.S. Dist. LEXIS 221600, at *3 (S.D.N.Y. Nov. 25, 2020) ("Thus, in order to plead a FLSA claim, plaintiff must allege either individual coverage or enterprise coverage."). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

An employer is subject to the overtime wage provision of the FLSA if their employee individually was "engaged in commerce" or if the employer was an "entity engaged in commerce." 29 U.S.C. § 207(a)(1). "Individual employees are engaged in commerce 'when they

4

are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)' between states." *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) (citing 29 C.F.R. § 779.103). To be engaged in commerce, "a substantial part of the employee's work must be related to interstate commerce;" where an employee's interstate activities are not regular or recurring, courts do not consider the employee covered under the FLSA. *Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006) (citing *Divins v. Hazeltine Elec. Corp.*, 163 F.2d 100, 103 (2d Cir. 1947); *Walling v. Jacksonville Paper Co.*, 317 U.S. 564 (1943)). "As a basic rule, 'if [the plaintiff] did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA.'" *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2018 U.S. Dist. LEXIS 85043, at *15 (E.D.N.Y. May 18, 2018) (citing *Li v. Cheng*, No. 10-CV-4664, 2012 U.S. Dist. LEXIS 40151, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012).).

Here, Larez alleges that his primary duties while employed by Hortus were as a dish washer and prep cook. The Complaint contains no allegations that his work involved or related to the movement of persons or things between states. He does not state, for instance, whether his prep cook duties regularly required him to interact with suppliers from other states, or if he had other duties beyond these primary roles that involved interstate commerce. Though Larez asserts that he was "engaged in commerce or the production of good for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)," (Compl. ¶ 25,) this threadbare assertion is not supported by any factual allegations. Larez has therefore failed to allege individual coverage under the FLSA.

An "enterprise" is defined under the FLSA as "the related activities performed . . . by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). An enterprise is

5

"engaged in commerce" where it "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(a).

Where a complaint contains sufficient facts to support an inference of enterprise coverage under the statute, even if those facts are not conclusive evidence of that coverage, some district courts in this circuit have found the pleadings sufficient to support a finding of liability under the statute. *See, e.g.*, *Shim v. Millennium Grp.*, No. 08-CV-4022(FB)(VVP), 2009 U.S. Dist. LEXIS 6014, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) (finding identification of defendant as medical facility is sufficient to infer enterprise coverage as "it is simply inconceivable that none of the medical, custodial or office supplies used at the Center originated outside of New York"); *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264, 2014 U.S. Dist. LEXIS 45580, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (inferring that defendants engaged in interstate commerce where the plaintiff alleged "that the defendants operated a restaurant, Andres Carne, which served Columbian [sic] cuisine"), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 43988, 2014 WL 1310299 (Mar. 31, 2014); *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 U.S. Dist. LEXIS 126019, 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015), (finding that "[i]t is logical to infer that a supermarket's products and produce would have originated outside of New York[,]" coupled with general allegations that defendant was "engage[d] in interstate commerce, produce[d] goods for interstate commerce, and/or handle[d], [sold], or otherwise work[ed] on goods or materials that have been moved in or

6

produced for such commerce by any person"), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 125776, 2015 WL 5561180 (Sept. 21, 2015).

Larez fails to meet even this permissive standard. His recitation that Hortus was "engaged in commerce or the production of good for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)," (Compl. ¶ 26,) is precisely the kind of formulaic and conclusory statement that the Supreme Court has said does not suffice to state a claim for relief. The Complaint contains no factual allegations from which this Court could infer that Hortus is an enterprise within the meaning of the statute. Larez refers to Hortus only in the vaguest terms as a "corporation" authorized "to do business in the state of New York." Though the Complaint does not state whether Hortus is a restaurant, Larez cites a Department of Labor fact sheet to show that restaurants and fast-food establishments with over $500,000 in gross annual sales fall within a category of enterprises subject to the FLSA. This document, even if it were to be considered by the Court on a motion to dismiss, is not sufficient to demonstrate enterprise coverage because neither the fact sheet nor the Complaint contain facts indicating that Hortus falls within its specifications. The Complaint also does not allege, even in a conclusory manner, whether Hortus's annual gross volume of business is at least $500,000. Larez has thus failed to allege enterprise coverage under the FLSA.

Accordingly, because Larez has not pled facts to show either individual or enterprise coverage under the FLSA, this claim is dismissed.

Larez's remaining claims are brought under New York law. "When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. District of Columbia*, 138 S. Ct. 594,

7

597–98 (2018) (citing 28 U.S.C. § 1367(c)). Consequently, this Court declines to exercise supplemental jurisdiction over and dismisses the state law claims without prejudice.

Rule 15(a) declares that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Accordingly, the Court grants Larez leave to file an Amended Complaint within 30 days of the date of this Order.

If Larez elects to file an Amended Complaint, he should include any facts which tend to show that he was personally involved in work relating to the movement of persons or things between states such that he would qualify for individual coverage under the FLSA. Additionally, Larez should allege facts showing that Hortus is an enterprise within the meaning of the FLSA – fact suggesting that the company has employees using or handling items placed into the stream of commerce and that the annual gross volume of sales made or business done by Hortus exceeds $500,000 annually. If Larez fails to file an Amended Complaint within 30 days of this Order, or fails to address the deficiencies identified herein, judgment may enter against him.

## CONCLUSION

For the reasons set forth above, Hortus's motion to dismiss is granted. Larez is granted leave to amend his pleading to allege a federal claim.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge